Rel: July 10, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2026

_____

## CL-2026-0168

_____

## James M. Kidd IV

## v.

## Andrea Stewart Wells Kidd

## Appeal from Jefferson Circuit Court
## (DR-25-900246)

MOORE, Presiding Judge.

James M. Kidd IV ("the husband") appeals from an order entered by the Jefferson Circuit Court ("the circuit court") denying his motion to set aside a default judgment in the underlying divorce proceedings commenced against him by Andrea Stewart Wells Kidd ("the wife"). We dismiss the appeal.

On February 5, 2025, the wife filed a complaint seeking a divorce from the husband. The husband was personally served with the complaint and summons on March 18, 2025, but he did not file an answer. On April 18, 2025, the wife moved the circuit court for the entry of a default judgment. On April 29, 2025, the circuit court granted the motion in part and scheduled a hearing for June 9, 2025. After conducting the hearing, the circuit court entered a default judgment divorcing the parties on June 9, 2025.

On July 25, 2025, the husband filed a motion to set aside the default judgment. In the motion, the husband argued that, throughout the proceedings, he had been misled by the wife into believing that the parties would attempt to reconcile or to reach a settlement agreement. The husband claimed that he had not received notice of the motion for the entry of the default judgment, notice of the June 9, 2025, hearing, or notice of entry of the default judgment. The husband contended that he had learned of the entry of the default judgment on July 9, 2025, but that he had not had ample time to file a motion to set aside the default judgment pursuant to Rule 55(c), Ala. R. Civ. P., which must be filed within 30 days of the entry of a default judgment. See Ex parte King,

2

776 So. 2d 31, 35 (Ala. 2000). The husband, therefore, relied on Rule 60(b), Ala. R. Civ. P., to seek relief from the default judgment. See Campbell v. Campbell, 910 So. 2d 1288, 1290 (Ala. Civ. App. 2005) (recognizing that "Rule 60(b) becomes available when more than 30 days have passed since the entry of the judgment of default").

On October 14, 2025, the circuit court conducted a hearing on the Rule 60(b) motion. During that hearing, the wife testified, and she filed a verified affidavit summarizing her testimony. The wife testified that at no point had she informed the husband that there was any hope of reconciling. The wife also testified that she had told the husband that she had obtained a default judgment in June 2025 and that she had provided him with a copy of the default judgment on July 7, 2025. On October 22, 2025, the circuit court entered an order denying the husband's Rule 60(b) motion.

On November 18, 2025, the husband filed a motion to reconsider the denial of his Rule 60(b) motion, arguing that he had not been given notice of the wife's testimony before the October 14, 2025, hearing and a fair opportunity to rebut that testimony. On January 28, 2026, the circuit court entered an order denying the motion to reconsider. The husband

3

filed a notice of appeal on March 4, 2026. On appeal, he argues that the circuit court erred in denying his Rule 60(b) motion.

An order denying a Rule 60(b) motion is an appealable order. Glenn v. City of Wetumpka, 410 So. 3d 1135, 1137 (Ala. Civ. App. 2024). In a divorce case, a notice of appeal of an order denying a Rule 60(b) motion must be filed within 42 days of the entry of the order; the time for appeal is not tolled by the filing of a motion to reconsider because a circuit court has no jurisdiction to reconsider the denial of the Rule 60(b) motion. See Adkins v. Adkins, 61 So. 3d 1071, 1074 (Ala. Civ. App. 2010). In this case, the husband did not file his notice of appeal within 42 days of the entry of the order denying his Rule 60(b) motion; he filed it within 42 days of the entry of the order purporting to deny his motion to reconsider, but that order was a legal nullity that will not support an appeal. See Dreding v. Kruse, 141 So. 3d 507, 510 (Ala. Civ. App. 2013).

The untimely filing of a notice of appeal results in a jurisdictional defect; when an appeal of an order denying a Rule 60(b) motion is not timely, an appellate court lacks jurisdiction to review the order. See Favors v. Skinner's Wholesale Nursery, Inc., 860 So. 2d 359 (Ala. Civ.

4

App. 2003).  Because we lack appellate jurisdiction over this untimely appeal, we must dismiss the appeal.  <u>Id.</u>

APPEAL DISMISSED.

Edwards, Hanson, Fridy, and Bowden, JJ., concur.